IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IT CONVERGENCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-6787 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| JITESH KUNDER, MICHAEL PETRELL, SYMTAX SYSTEMS, LTD, LLC, and SYNTAX SYSTEMS, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER AND OPINION**

IT Convergence ("ITC") brings this lawsuit alleging violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1830, along with state law claims. Defendants move to transfer venue to the Circuit Court of DuPage County, Illinois based on a forum selection clause in individual defendant Jitesh Kunder's employment agreement with ITC. For the following reasons, the Court, in its discretion, denies defendants' motion.

**Background**

ITC is a global information technology solutions company offering strategic solutions to clients in several industries throughout North and South America, Mexico, and Asia. In particular, ITC offers systems solutions in the areas of cloud migration, integration and private cloud hosting, business intelligence and analytics, and cybersecurity. One of ITC competitors is defendant Syntax.

According to ITC, on June 28, 2018, Kunder left ITC and joined competitor Syntax. Before his last day at ITC, Kunder allegedly mass-downloaded at least 900 ITC documents reflecting ITC's confidential information and trade secrets. Meanwhile, in 2019 defendant Michael Petrella resigned from ITC and immediately joined Syntax. The parties do not dispute that ITC's claims stem from Kunder's and Petrella's alleged breaches of the restrictive covenants in their employment agreements

with ITC. Specifically, ITC alleges that these individual defendants improperly solicited its clients, accessed it confidential information and trade secrets, and serviced its former clients.

Kunder's employment agreement with ITC contained a choice of law and forum selection provision that stated:

> Governing Law: Venue. This Agreement is made in the State of Illinois and shall be governed and construed in accordance with the laws of said State. Employee consents to the jurisdiction of the courts of the State of Illinois with venue in DuPage County.

Petrella's employment agreement with ITC also contained a choice of law provision providing that Wisconsin law governs. Petrella's forum selection clause stated: "Employee consents to the jurisdiction of the courts of the State of Wisconsin with venue in Dane County."

**Legal Standard**

"A forum-selection clause channeling litigation to a nonfederal forum is enforced through the doctrine of forum non conveniens." *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 892 (7th Cir. 2018); *see also Atlantic Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 134 S.Ct. 568, 574, 187 L.Ed.2d 487 (2013) ("When a forum-selection clause points to a state or foreign forum, the clause may be enforced through the doctrine of *forum non conveniens*" whereas, "Section 1404(a) is a codification of that doctrine for the subset of cases in which the transferee forum is another federal court."). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atlantic Marine*, 571 U.S. at 64.

**Discussion**

The Court first addresses ITC's argument that the forum selection clause in Kunder's employment agreement is permissive, not mandatory, and thus the *Atlantic Marine* framework does not apply. A forum selection clause is mandatory where its "language is obligatory" and "clearly

manifests an intent to make venue compulsory and exclusive." *Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 756 (7th Cir. 1992). Here, the forum selection clause states that Kunder "consents" to the jurisdiction of the courts of the State of Illinois with venue in DuPage County without any qualifier such as "exclusive." These so-called "consent to jurisdiction clauses" are considered permissive in that they "authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3803.1 (4th ed.). On the other hand, the mandatory language in Kunder's contract, namely, "shall," pertains to the governing law, not jurisdiction or venue.

Because the forum selection clause is permissive, the Court considers both the private and public interest factors in determining whether transferring this lawsuit to DuPage County is appropriate under the doctrine of forum non conveniens. The Court's inquiry requires the same balancing of factors as in § 1404(a) motions. *See Atlantic Marine*, 571 U.S. at 60; *Mueller,* 880 F.3d at 894.

Factors that relate to the parties' private interests, also known as the convenience factors, include "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *see also Fischer v. Magyar Allamvasutak Zrt.,* 777 F.3d 847, 868 (7th Cir. 2015). Other private factors include "the location of material events and the relative ease of access to sources of proof." *Research Automation,* 626 F.3d at 978; *see also Atlantic Marine*, 571 U.S. at 63 n.6.

In support of the private factors, defendants assert that the individual defendants live in or near DuPage County and that when they worked for ITC, they worked in or near DuPage County. Defendants now work for defendant Syntax, and, according to the verified complaint, Syntax is a Delaware limited liability company headquartered in New Jersey doing business in Illinois with an

3

agent in Chicago. In any event, that the individual defendants live in or near DuPage County and worked in or near DuPage County does not, by itself, establish that DuPage County is the more convenient forum in relation to sources of proof and resources, especially in this age of electronic discovery. Moreover, defendants do not point to the convenience of non-party witnesses, which is considered the most important aspect of this factor. *Hirst v. SkyWest, Inc.,* 405 F.Supp.3d 771, 778 (N.D. Ill. 2019) ("The convenience of non-party witnesses is afforded greater weight than the convenience of parties.") (Tharp, J.). Indeed, both Kunder and Petrella work with clients from North and South America, Mexico, and Asia. Defendants do not explain how DuPage County would be more convenient for these potential witnesses. Under the circumstances, defendants have failed in their burden of showing that the transferee forum is more convenient. *Heller Fin., Inc. v. Midwhey Powder Co. Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Turning to the public interest considerations, courts look to respective docket congestion, the courts' familiarity with the relevant law, and the relationship of the community to the controversy. *Research Automation*, 626 F.3d at 978. Here, defendants provide statistics that the DuPage County Law Division is less congested than the Northern District of Illinois. While this factor weighs in favor of transferring this lawsuit to DuPage County, the other public interest factors do not. For example, federal courts have more familiarity with the Defend Trade Secrets Act, 18 U.S.C. § 1836, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1830 – although these Acts confer concurrent jurisdiction on state courts. Nonetheless, defendants do not explain how the DuPage County courts have familiarity with Wisconsin law, which governs certain claims against Petrella. That DuPage County is in the Northern District of Illinois renders the community's relationship to each venue neutral, especially because the parties are involved in global information technology services. Accordingly, the public factors do not weigh in favor of transferring venue.

4

After weighing both the private and public interests involved, the Court, in its discretion, denies defendants' motion. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge.").

**Conclusion**

Based on the foregoing, the Court denies defendants' motion to transfer venue. [22]. The parties are to file a joint status report as found on the Court's website www.ilnd.uscourts.gov by no later than May 20, 2020. Thereafter, the Court will set a status hearing.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 4/16/2020